**E-Filed 10/12/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FINISAR CORP., <br><br> Plaintiff, <br><br> v. <br><br> U.S. BANK TRUST NATIONAL ASSOCIATION, <br><br> Defendant. | Case Number C 07-2101 JF PVT <br><br> ORDER[1] GRANTING MOTION TO REMAND <br><br> [re: docket no. 16] |

    Plaintiff, Finisar Corporation ("Finisar"), moves to remand the instant action to the Santa Clara Superior Court. Defendant, U.S. Bank Trust National Association ("U.S. Bank"), opposes the motion. For the reasons discussed below, the motion will be granted.

**I. BACKGROUND**

    Finisar is a Delaware corporation in the business of performing performance tests on fiber optic subsystems and networks. U.S. Bank is a national banking association with its headquarters in Delaware. U.S. Bank is the designated trustee pursuant to a series of three trust indentures ("Indentures") under which Finisar issued three series of convertible notes ("Notes").

---

[1] This disposition is not designated for publication and may not be cited.

1   On January 4, 2007, U.S. Bank sent three Notices of Default ("Notices") to Finisar. The
2 Notices stated that Finisar's delay in filing certain Securities and Exchange Commission ("SEC")
3 reports, including Form 10-Q, would ripen into an "Event of Default" under the Indentures if not
4 remedied within sixty days of Finisar's receipt of the Notices.
5   On March 2, 2007, Finisar filed suit in the Santa Clara Superior Court, seeking a judicial
6 declaration that it was not in default and the remedy of acceleration would be improper. Finisar's
7 complaint alleges that it is not in default because of its delayed filings and that U.S. Bank is not
8 entitled to accelerate Finisar's repayment of principal under Section 6.02 of the Indentures.
9   On March 5, 2007, the Summons and Complaint were personally served on a
10 representative of U.S. Bank at the bank's corporate headquarters in Wilmington, Delaware. On
11 March 6, 2007, Finisar sent a letter to Thomas E. Tabor at U.S. Bank's New York office. The
12 letter included a copy of the Summons and the Complaint and notified Mr. Tabor that the
13 Complaint previously had been served on the Bank in Wilmington, Delaware. The letter also
14 contained two copies of a Notice and Acknowledgment of Service form and a request that this
15 form be executed and returned. The letter stated that if the forms were not executed and returned
16 as requested, service would be deemed to have been accomplished ten days after the mailing of
17 the letter.
18   On April 13, 2007, U.S. Bank filed its notice of removal in this Court. On July 13, 2007,
19 Finisar filed the instant motion for remand. The Court heard oral argument on September 7,
20 2007.

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), often referred to as "the removal statute," a defendant may remove an action to federal court if the plaintiff could have filed the action in federal court initially. 28 U.S.C. § 1441(a); *see also Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir.1988). A party may file an action in federal court if there is diversity of citizenship among the parties or if the action raises a substantial federal question. *Ethridge* at 1393. The party invoking the removal statute bears the burden of establishing federal jurisdiction. *Id*. The

1 removal statute is strictly construed against removal. *Id*. The matter therefore should be
2 remanded if there is any doubt as to the existence of federal jurisdiction. *Gaus v. Miles, Inc.*, 980
3 F.2d 564, 565 (9th Cir. 1992).

### III. DISCUSSION

Finisar seeks to remand the instant case to the Santa Clara Superior Court on two separate grounds. First, it argues that the removal was untimely. Second, it asserts that the action does not present a federal question. Because it appears that the removal was untimely, the Court will not reach the latter issue.

Pursuant to 28 U.S.C. §1446(b), a party's notice of removal must be filed in the district court within thirty days after receipt of the first pleading in the state action that sets forth a removable claim. The removal period is triggered by service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

In the instant case, U.S. Bank was served with a copy of the Summons and Complaint on March 5, 2007. The following day, Finisar sent a copy of the Summons and the Complaint by first-class mail to U.S. Bank's New York office and expressly advised the addressee, Mr. Tabor, that it already had served copies of these documents on a U.S. Bank representative in Wilmington. Finisar states that it delivered the additional copies to the New York office pursuant to the notice provision in the Indentures. In any event, it is undisputed that U.S. Bank received copies of the Summons and Complaint both at its Wilmington headquarters on March 5, 2007 and at its New York office on March 6, 2007.

U.S. Bank argues that service of the Wilmington headquarters was ineffective because the notice provision in the Indentures required that all notices related to the Indentures be delivered to the New York office, and that the letter delivered to the New York office by Finisar on March 6, 2007 expressly provided that service would be deemed effective ten days later. However, the thirty-day period for removal under 28 U.S.C. § 1446(b) is determined not by the running of a contractual notice period but by the date of receipt of the first pleading in the state court that sets forth a removable claim. U.S. Bank received the Summons and Complaint at its Wilmington headquarters March 5, 2007 and was notified of this fact by the letter to Mr. Tabor dated March

6, 2007. The statutory time runs not from the effective date of a particular method of service but from the defendant's receipt of the complaint. Because it did not file its notice of removal within thirty days of the relevant date, the removal was untimely.

### IV. ORDER

Good cause therefor appearing, Plaintiff's motion for remand is GRANTED. The action is hereby remanded to the Santa Clara Superior Court. The Clerk of the Court shall close the file.

DATED: October 12, 2007

_____
JEREMY FOGEL
United States District Judge

This Order was served on the following persons:

Sterling A. Brennan
Workman Nydegger
1000 Eagle Gate Tower
60 East South Temple
Salt Lake City, UT   84111

D. Anthony Rodriquez
Morrison & Foerster LLP
425 Market Street
San Francisco, California   94105

Case No. C 07-2101 JF PVT
ORDER GRANTING MOTION TO REMAND
(JFLC3)